United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10031
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARTHUR J. MUHAMMAD, also known as Arthur James Jordan,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-98-ALL-P
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

      Arthur J. Muhammad appeals his guilty-plea conviction and

sentence for making false statements to a federally insured

financial institution, in violation of 18 U.S.C. § 1041. He

argues that his guilty plea was involuntary because his counsel

was ineffective in permitting him to sign and file a factual

resume that admitted fraudulent conduct beyond that required to

establish a factual predicate for his plea. Because the record

is not sufficiently developed with regard to counsel's strategy,

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this claim is not ready for review.  See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).

Muhammad argues that the Government breached the plea agreement because it did not orally recommend at sentencing a sentence at the low end of the guideline range.  However, the Government's agreement to recommend a low-end sentence was incorporated into the presentence report, meaning it was before the court at sentencing.  The recommendation was therefore "self-executing."  See United Stated v. Reeves, 255 F.3d 208, 210-11 (5th Cir. 2001).  The Government did not breach the plea agreement.

Muhammad has moved for release pending appeal.  The motion is denied as the rules provide only for review by this court of such motions filed in the district court, see FED. R. APP. P. 9(b), and because the motion is now moot.

AFFIRMED; MOTION DENIED.